UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 18 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

JOSE MANUEL OLVERA-GARCIA, )
  Petitioner. )
vs. ) Case No. 3:25-cv-276-KHJ-MTP
) ~~1:20CR00289-001~~
UNITED STATES OF AMERICA (Warden )
Childress), )
  Respondent. )

## WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241(c)(3)

 Comes now, petitioner Jose Manuel Olvera-Garcia, in Pro-Se Forma, respectfully request that this Honorable Court reduce his sentence pursuant to 28 U.S.C. § 2241(c)(3).

 Petitioner is a layman of the law and prays that this motion be liberally construed and held to standard "less stringent than those drafted by attorneys" Haines v. Kerner 404 U.S. 519, 520 (SCOTUS 1972); see also Ayala Serrano v. Gonzalez, 909 F. 2d8, 15 (1st Cir. 1991).

 According to Rule 56(a) of the Federal Rule of Civil Procedures, a movant may move for any claim if he shows that there is no general dispute as to material fact and that he is entitled to judgment as matter of law.

### Background and Facts

 On June 8, 2020 petitioner was arrested and charged with; 21:841(a)(1); possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The Souther District of Indiana accepted a plea of guilty and imposed a sentence of 108 months and 5 years of supervised release. On November 1, 2023 the same court reduced

petitioner's sentence to 87 months in prison via Amendment 821.

Petitioner was deemed "eligible" for the First Step Act. He programmed successfully and received 365 days reduction from the FSA Earned Time Credits (ETC's). He projected release was on August 15, 2025 via FSA release. All of the sudden his hard worked earned time creidts were taken away because an Administrative Removal Order appeared.

## I. RE-APPLY TIME CREDITS WHICH WERE EARNED

Petitioner requests that this Court retroactively credit petitioner with 365 days worth of earned time credits for program in which he participated, completed and was deemed eligible for corresponding time credits under the First Step Act 18 U.S.C. § 3632 and were taken away when later after completing programs and receving Earned Time Credits the BOP lodged an illegal Administrative Removal Order on him that ICE had placed. 18 U.S.C. § 3632(d)(4)(d)(E) does not refer to an Administrative Order of Removal when it provides to not apply ETC's to prisoners. It provides that "prisoners with Final Order of Deportation shall not be applied ETC's." (That is an immigration Judge signed Final Order of Deportation done by proper proceedings).

Petitioner files a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3) to secure release of illegal custody, Peiser v. Rodrigues, 411 U.S. 475, 484, 93 S. CT 1827 36 L. Fd 2d 439 (1973); see also McIntosh v. U.S. Parole Comm'n, 115 F3d 809 811 (10th Cir. 1997).

"Habeas Corpus relief is warranted only when petitioner is in custody in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. § 2241(c)(3). Petitioner contends the First Step Act 18 U.S.C. § 3632(d)(4)(d(E). Petitioner's case is not affected by the exclusions of 18 U.S.C. § 3632(d)(4)(d)(E) that precludes prisoner's with a Final Order of Deportation from applying their hard work for FSA ETC's.

Nevertheless petitioner did not and does NOT have a Final Order

2

of Deportation as provided in § 3632. Petitoiner was deemed eligible received Earned Time Credits programmed for almost for almost 2 years successfully earning him 365 days of his sentence reduced, then suddenly his ETC's already earned were taking away adding a year back to his sentence rather than preventing ETC's to be applied, the BOP should follow this Congress passed as it is written and only preclude prisoners that actually have a signed order by a Judge with proceeding done Final Order of Deportation NOT an Administrative Removal Order done by ICE.

    A final order of deportation 8 C.F.R. § 1241.31 (the one that is actually referred to in 18 U.S.C. § 3632(d)(4)(d)(E)) prescribes that, "[E]xcept as otherwise required by section 242(c) of the Act the specific puposes of that section, an order of deportation coupled with an order of voluntary departure, made by the Immigration Judge in proceedings under 8 C.F.R. part 1240 shall become Final upon dismissal of an appeal by the Board of Immigration Appeals, or upon expiration of the allotted time for an appeal, upon waiver of appeal, or upon expiration of the time allotted for an appeal when an appeal is taken; or if such an order is issued by the Board or approved by the Board upon certification, it shall be Final as of the date of the Boards decision."

    In other words, a Final Order of Deportation is an order that is unappealable. In petitioner's case, NO judge has ordered petitioner to be deported or removed. ICE is simply the agency which lodged the detainer action against petitioner for a "possible" deportation, and an "Administrative" order of removal that "NO" Judge signed. In any event, petitioner can still present a cause for an appeal to remain in the United States.

CONCLUSION

Based on the facts of the matter established herein petitioner, respectfully register this Honorable Court to grant this motion, restore earned time credits and reduce sentecne.
It is important to also note that after release petitioner still needs to be transferred to an ICE facility to process his immigration proceedings properly, usually in normal procedure takes 30 to 90 days.

I declare the foreging is true and correct to the best of my knowledge and belief and under penalty of perjury pursuant 18 U.S.C. § 1746.

Respectfully submitted this 17TH day of April, 2025.

*Jose Manuel Olvera G.*
Jose Olvera-Garcia
Reg. No. 17575-028
FCI Yazoo City Low II
P.O. Box 5000
Yazoo City, MS 39194