UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE MANUEL OLVERA-GARCIA                                        PETITIONER

V.                                          CIVIL ACTION NO. 3:25-CV-276-KHJ-MTP

UNITED STATES OF AMERICA                                           DEFENDANT

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [10] Report and Recommendation. The [10] Report recommends dismissing pro se Petitioner Jose Manuel Olvera-Garcia's ("Olvera-Garcia") [1] Petition. R. & R. [10] at 4. For the reasons stated below, the Court adopts the [10] Report and dismisses this case.

I.   Background

Olvera-Garcia is incarcerated with the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Yazoo City, Mississippi. Pet. [1] at 4. He was sentenced to an 87-month term of imprisonment in May 2021. *See* Inmate Data [8-2] at 2. He filed this [1] Petition in April 2025 arguing that BOP refused to apply the First Step Act ("FSA") time credit to his sentence. [1] at 2–3; *see also* 18 U.S.C. § 3632.

In response, the United States argued that Olvera-Garcia was not entitled to FSA credit because "he is subject to a final order of removal." Resp. in Opp'n [8] at 2; Final Administrative Removal Order [8-3]. In reply, Olvera-Garcia argued that

he was entitled to FSA credits because he was only subject to an "Administrative Order of Removal," not a "Final Order of Removal." Pet.'s Reply [9] at 1–2.

Magistrate Judge Parker agreed with the United States and rejected Olvera-Garcia's argument. [10]. Olvera-Garcia timely objected to the [10] Report. Obj. [11]. This Court now takes up the [10] Report and Olvera-Garcia's [11] Objection.

II.   Standard

When no party timely objects to a magistrate judge's report, the district court applies "the 'clearly erroneous, abuse of discretion[,] and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). But when a party objects to portions of the report, the district court must review those portions de novo. 28 U.S.C. § 636(b)(1).

Even so, courts need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam), or consider "[f]rivolous, conclusive[,] or general objections . . . ." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). And parties cannot "raise a factual objection by merely reurging arguments contained in" previous filings. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

III.   Analysis

The Court overrules Olvera-Garcia's [11] Objection, adopts the [10] Report, and dismisses the [1] Petition. Olvera-Garcia is subject to a final order of removal.

*See* [8-3]. And "a prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). For that reason, the [10] Report correctly concluded that Olvera-Garcia was ineligible for FSA credits. [10] at 4.

In his [11] Objection, Olvera-Garcia argues that the [8-3] Order is not a final removal order because it is not signed by a judge. [11] at 2. He says the [8-3] Order is "simply an ICE detainer for '[p]ossible deportation.'" *Id.* Olvera-Garcia made the same argument in his [9] Reply. [9] at 2. And the [10] Report rejected it. [10] at 3. So does this Court. A final order of removal is an "order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C.A. § 1101(a)(47)(A)). Under *Nasrallah*, the [8-3] Order is a final order of removal. *Id.* And any challenge to the validity of the [8-3] Order is precluded by the REAL ID Act, which eliminates district court review of final removal orders under 28 U.S.C. § 2241. *See* 8 U.S.C. §§ 1252(a)(5), 1252(b)(2).

Olvera-Garcia is therefore ineligible for FSA time credits. As a result, the Court adopts the [10] Report and dismisses Olvera-Garcia's [1] Petition.

IV.   Conclusion

For the reasons stated above, the Court OVERRULES Olvera-Garcia's [11] Objection, ADOPTS the [10] Report, and DISMISSES Olvera-Garcia's [1] Petition with prejudice. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 17th day December, 2025.

                                                           s/ *Kristi H. Johnson*
                                                       UNITED STATES DISTRICT JUDGE